

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

REGIONAL OFFICE DIVISION  
NASSAU REGIONAL OFFICE

November 1, 2023

The Honorable Margo K. Brodie
United States Chief District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Massapequa Union Free Sch. Dist., et al. v. NYS Bd. of Regents, et al.*, No. 2:23-cv-0752

Dear Chief Judge Brodie:

This Office represents Defendants-Respondents ("Defendants") in the above-referenced matter. I write in accordance with Local Civil Rule 1.6 to bring to the Court's attention several cases currently pending in the Eastern District of New York that appear to be related to the above-referenced matter, and to respectfully move, pursuant to Rule 3(b) of the Division of Business Rules, for a determination that these matters are related.

In the instant matter, Plaintiffs-Petitioners Massapequa Union Free School District, Massapequa Union Free School District Board of Education, and Jeanine Caramore ("Plaintiffs"), challenge, on various grounds, Part 123 of the Regulations of the Commissioner of Education, 8 NYCRR §§ 123.1-123.5. Part 123 was adopted and made effective on May 3, 2023. *See* Notice of Adoption (published in New York State Register May 2, 2023) (excerpt annexed as Exhibit 1 to Declaration of Helena Lynch). The statutory authority for Part 123 is: N.Y. Education Law §§ 101, 207, 305, 309, and art. 2. Article 2 of the New York State Education Law, the "Dignity for All Students Act" ("DASA"), declares it the policy of New York State "to afford all students in public schools an environment free of discrimination and harassment." N.Y. Educ. Law § 10. DASA's purpose is to prohibit bullying and other forms of discrimination in public schools. *See id*. DASA prohibits, among other things, "the creation of a hostile environment . . . that . . . reasonably causes or would reasonably be expected to cause . . . emotional harm to a student." *Id*. § 11(7).

Pursuant to Part 123, "no public school in the State of New York may utilize or display an Indigenous name, logo, or mascot other than for purposes of classroom instruction. *Id*. § 123.2. Part 123 defines "Indigenous name, logo, or mascot" to mean "a name, symbol, or image that depicts or refers to Indigenous persons, tribes, nations, individuals, customs, symbols, or traditions, including actual or stereotypical aspects of Indigenous cultures, used to represent a public school, including but not limited to such schools['] sports teams." *Id*. § 123.1. The term

excludes any "public school, school building, or school district named after an Indigenous tribe." *Id.*

Plaintiffs seek to have Part 123 nullified so that they may continue to use and display their team name, the "Chiefs," and the team logo, an image purportedly depicting Sachem Tackapausha, who Plaintiffs allege led one of the thirteen tribes of Long Island, the Massapeaques, during the mid-Seventeenth Century. Compl. ¶¶ 41, 47. Plaintiffs assert that Part 123: (1) is "contrary to law and thus null and void" because the NYS Education Department ("SED") failed to comply with SAPA's rulemaking requirements, *id.* ¶¶ 80-85, 102-10; (2) is "contrary to law and thus null and void" because SED exceeded its rulemaking authority in violation of SAPA, *id.* ¶¶ 112-22; (3) violates the separation of powers "clause" [*sic*] of the United States Constitution and the New York Constitution, *id.* ¶¶ 124-31; (4) is unconstitutionally vague in violation of the Fourteenth Amendment to the United States Constitution, *id.* ¶¶ 135-42; and (5) restricts speech in violation of the First Amendment to the United States Constitution and Article I, Section 8, of the New York Constitution, *id.* ¶¶ 144-164.

Plaintiffs seek a declaration that "Part 123 conflicts with governing law and is therefore null and void," and an injunction barring enforcement of Part 123. *Id.* ¶¶ 165-66.

Since the filing of this matter, three additional matters have been commenced in the Eastern District of New York by different sets of plaintiffs-petitioners represented by the same counsel: *Wantagh Union Free Sch. Dist., et al. v. NYS Bd. of Regents, et al.*, No. 2:23-cv-07299 (the "Wantagh/Wyandanch Matter"); *Connetquot Central Sch. Dist., et al. v. NYS Bd. of Regents, et al.*, No. 2:23-cv-07696 (the "Connetquot Matter"); and *Amityville Union Free Sch. Dist., et al. v. NYS Bd. of Regents, et al.,* No. 2:23-cv-8011 (the "Amityville Matter').[1] These three matters are identical to the instant matter in: causes of action asserted; defendants-respondents sued; and relief sought. *See* Compl., Wantagh/Wyandanch Matter*,* ECF No. 1, ¶¶ 155-226; Compl., Connetquot Matter, ECF No. 1, ¶¶ 126-91; Compl., Amityville Matter, ECF 1, ¶¶ 133-209. The Civil Cover Sheets in these matters do not identify any related cases. Civ. Cover Sheet, Wantagh/Wyandanch Matter, ECF No. 1-1; Civ. Cover Sheet, Connetquot Matter, ECF No. 1-1; Civ. Cover Sheet, Amityville Matter, ECF No. 1-1.

The Division of Business Rules define "Related" civil case:

> A civil case is "related" to another civil case for purposes of this Rule when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same District and/or Magistrate Judge. A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues or the same parties. Presumptively, and subject to the power of a Judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless each case is still pending before the Court.

---

[1] As of the date of this writing, defendants-respondents in the Amityville Matter have not been served.

Division of Business Rule 3(a).

The Wantagh/Wyandanch Matter, the Connetquot Matter, the Amityville Matter, and this matter meet all criteria to be deemed related. The four matters all involve identical legal issues and nearly identical facts, and they arise from the same events: the adoption and implementation of Part 123. While there are some minor variations in the underlying facts of each matter, they all assert a facial challenge to Part 123 and seek nullification of Part 123 in its entirety. Substantial judicial resources will be saved by having these cases assigned to the same judge. In addition, because each of the four cases asserts a facial challenge to the same set of regulations, the assignment of these matters to different judges could result in inconsistent adjudications of the identical legal issues.

Our Office has conferred with counsel for Plaintiffs, who is also counsel for the plaintiffs-petitioners in the three later-filed matters. Our understanding is that while Plaintiffs agree that the Wantagh/Wyandanch Matter and Amityville Matter are related to each other, they do not believe that any of the three later-filed matters relate to this matter.

Accordingly, Defendants respectfully request that the Court deem these four matters to be related: (1) the instant matter; (2) *Wantagh Union Free Sch. Dist., et al. v. NYS Bd. of Regents, et al.*, No. 2:23-cv-07299; (3) *Connetquot Central Sch. Dist., et al. v. NYS Bd. of Regents, et al.*, No. 2:23-cv-07696; and (4) *Amityville Union Free Sch. Dist., et al. v. NYS Bd. of Regents, et al.,* No. 2:23-cv-8011. Thank you for your attention to this matter.

Respectfully submitted,

s/ *Helena Lynch*
Helena Lynch
Assistant Attorney General, *Of Counsel*
Direct: (516) 248-3312 | Helena.Lynch@ag.ny.gov

cc: The Honorable Lee G. Dunst, United States Magistrate Judge (via ECF)
     Counsel of Record (via ECF)