UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NATIVE AMERICAN GUARDIAN'S
ASSOCIATION and DAVID FINKENBINDER

**ORDER**
25-CV-3008-SJB-LGD

Plaintiffs,

v.

NEW YORK STATE BOARD OF REGENTS et al.

Defendants.

---

MASSAPEQUA UNION FREE SCHOOL
DISTRICT et al.

**ORDER**
23-CV-7052-SJB-LGD

Plaintiffs,

v.

NEW YORK STATE BOARD OF REGENTS et al.

Defendants.
------------------------------------------------------------------X
**BULSARA, United States District Judge:**

In case No. 2:25-CV-3008 (the "2025 Action"), recently reassigned to the undersigned, Plaintiffs, the Native American Guardian's Association (the "Association") and David Finkenbinder, seek a preliminary injunction. (Mot. for Prelim. Injunction dated July 7, 2025 ("Pls.' PI Mot."), Dkt. No. 16). In its civil cover sheet initiating the case, Plaintiffs identified the 2025 Action as related to case No. 2:23-CV-7052 (the "2023 Action"), which as its caption number indicates, has been pending

since 2023.  In the 2025 Action, Plaintiffs seek a preliminary injunction to avoid the invalidation of (or reinstate) a contract the Association has with the Massapequa Union Free School District (the "District")—which is the plaintiff in the related 2023 Action. (Pls.' PI Mot. at 14–18).  Both actions challenge the Part 123 regulation, and both are filed against the same Defendants.  And in the 2023 Action, the Court recently denied the District's attempt to seek a preliminary injunction (which previously had been denied by Chief Judge Brodie) pending resolution of a motion to amend the complaint. (*See* No. 2:23-CV-7052, Order dated June 27, 2025).

Plaintiffs' motion for preliminary injunction in the 2025 Action has the potential—given the Association's contractual relationship with the District—to end-run the decisions already made in the 2023 Action, and upend the Court's consideration of the motion pending in the 2023 Action.  In the 2025 Action, both sides are directed to submit letter-briefs (double spaced), no longer than 5,000 words (with an accompanying certification as provided by Local Rule 7.1), by **July 23, 2025**, addressing whether (a) the motion for preliminary injunction is barred by the law-of-the case doctrine, *see generally* 18B Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 4478.4 (3d ed. 2025) ("Law-of-the-case doctrine is not limited to proceedings within a single court . . . . The same dispute may instead be framed in formally separate actions, either simultaneously or sequentially, in circumstances that do not support claim preclusion or issue preclusion.  For the most part, later courts tend to adhere to earlier rulings by other courts for the same reasons that inform general law-of-the-case practices."); (b) efficiency or other considerations counsel in favor of resolving the fully-briefed

2

motion to amend pending in the related 2023 Action, following which (assuming one or more claims survive) the District may move for preliminary or final injunctive relief, and the Plaintiffs may join such a motion (or renew their motion in the present case); (c) the two actions should be consolidated, in addition to being related, pursuant to Fed. R. Civ. P. 42; and (d) any other matter, not touching upon the ultimate merits of the cases, relevant to the Court's case management and timely resolution of both cases. This order is being filed in both actions; in the 2023 Action, the District (but not Defendants) is directed to submit a brief of no more than 3,000 words, also by **July 23, 2025**, directed solely to the questions of (b), (c), and (d) — *i.e.*, it is unnecessary for the District to opine on law of the case implications.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Dated: July 9, 2025
　　　　Central Islip, New York

3